UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA PARKER, ET AL | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C. A. No. |
| | : | |
| NATIONSTAR MORTGAGE, LLC (DBA MR. COOPER), ET AL | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d) and 1441(b), the following defendants,

- Nationstar Mortgage, LLC d/b/a Mr. Cooper;

- The Bank of New York Mellon Trust Company, N.A. as successor in interest to all permitted successors and assigns of JP Morgan Chase Bank, National Association as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan, Asset-Backed Certificates, Series 2005-BC4;

- The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA8;

- The Bank of New York Mellon Trust f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA5;

- The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-FA11;

- The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA12;

- The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-FA3;

- The Bank of New York Mellon as Trustee for Nationstar Home Equity Loan Trust 2007-C;

103617807v.1

- The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Pass-Through Certificates series FHAMS 2005-AA9;

- The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA10;

- Wells Fargo Bank, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FM1;

- Wells Fargo Bank, National Association, as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5;

- Wilmington Trust Company, as Trustee for Structured Asset Securities Mortgage Pass-Through Certificates, Series, 2005-4XS;

- Wilmington Trust, National Association, as Trustee to Citibank, N.A. as Trustee to Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-1; and

- Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust

(collectively "Defendants"), by and through their attorneys, Locke Lord LLP, for the purpose of removing this case to the United States District Court for the District of Rhode Island, respectfully state:

1. **State Court Action.** On January 3, 2021, eighteen plaintiffs, Linda Parker, Gary Slater, Lauren Slater, Kristen Flint, Alfred Flint, Wayne H. Goodlin, James S. DiCenzo, Michael A. Ault, Daniel J. Oshea, Anthony Antonelli, Jason W. Arena, Marilyn S. Arena, Jennifer Hightower, Dennis Paquin, Alexandra Lopes Ortiz (f/k/a Montufar), Maria Francisco (f/k/a Ramos), Dawn M. Case and Gayle S. Amaral (collectively, "Plaintiffs"), filed a complaint in the Superior Court of Rhode Island, Providence County, numbered Case No. PC-2022-00032, on behalf of themselves and a purported class of similarly situated plaintiffs. The Complaint is attached hereto as **Exhibit A**.

2. **Federal Jurisdiction.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy

exceeds $75,000, as set forth in the following subparts. This Court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 ("CAFA") because (1) Plaintiffs allege that the putative class contains "hundreds of individuals," (Compl. ¶ 301); (2) the citizenship of at least one class member is different than that of any defendant; and (3) the aggregate amount placed in controversy by the claims of Plaintiffs and the proposed putative class members is likely to exceed the sum or value of $5,000,000.00, exclusive of interests and costs.

## DIVERSITY

a. As a basis for removal, this Action is within the original jurisdiction of the District Court under 28 U.S.C. § 1332, which provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1).

b. Linda Parker alleges to be located in Plymouth, Massachusetts. Compl. ¶ 13. Jason W. Arena and Marilyn S. Arena allege to be located in Mooresville, North Carolina. Compl. ¶ 30. Dennis Paquin alleges to be located in Myrtle Beach, South Carolina. Compl. ¶ 34. Kristen Flint and Alfred Flint do not state their current location, but they are believed to be citizens of Rhode Island. Compl. ¶ 18. The remaining Plaintiffs have alleged that they are citizens of the State of Rhode Island. *See* Compl. ¶¶ 16, 20, 22, 24, 26, 28, 32, 36, 38, 40, 42.

c. Nationstar Mortgage LLC is a Delaware limited liability company, with its principal place of business in the state of Texas. The citizenship of a limited liability company is determined by the citizenship of the members of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Nationstar's members are

3
103617807v.1

Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Both Sub1 and Sub2 are Delaware LLC's, and the sole member of each is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a corporation incorporated under the laws of the state of Delaware with its principal place of business in the state of Texas. A corporation is deemed "to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, for diversity purposes, Nationstar is a citizen of the states of Delaware and Texas.

d. The Bank of New York Mellon Trust Company, N.A. is sued in its capacity as trustee for several named trusts. As trustee, The Bank of New York Mellon Trust Company, N.A.'s citizenship controls for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). The Bank of New York Mellon Trust Company, N.A. is a federally-chartered national banking association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."). The Bank of New York Mellon Trust Company, N.A.'s main office is in California, and therefore it is a citizen of California for diversity purposes.

e. The Bank of New York Mellon is a state-chartered banking association, created under the laws of New York with a main office in New York.

f. Wells Fargo Bank, N.A. is a federally-chartered national banking association and is being sued in its capacity as trustee. Wells Fargo Bank, N.A.'s main office is located

103617807v.1

in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

g.  Wilmington Trust Company is a corporation existing under the laws of the state of Delaware with a principal office in Delaware. A corporation is considered to be a citizen both of its state of incorporation and of its principal place of business. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005); *see also* 28 U.S.C. § 1332(c)(1). It is therefore a citizen of Delaware for diversity purposes.

h.  Wilmington Trust, National Association is a federally-chartered national banking association and is being sued in its capacity as trustee. Its main office is in Delaware, and therefore it is a citizen of Delaware for diversity purposes.

i.  Wilmington Savings Fund Society, FSB is a federally-chartered savings bank. Its main office is in Delaware, and therefore it is a citizen of Delaware for diversity purposes.

j.  Accordingly, Plaintiffs and Defendants are completely diverse. 28 U.S.C. §§ 1332(a)(1); 1441(b).

## AMOUNT IN CONTROVERSY

k.  Plaintiffs seek to void the foreclosure and foreclosure sale of 15 subject real properties located at the following addresses:

(1)  180 Bedford Avenue, Warwick, RI 02886 (Compl. ¶¶ 13; 57 (describing foreclosure sale as "void, invalid, and without force or effect"));

(2)  146-148 Lakeview Drive, Providence, RI 02905 (Compl. ¶¶ 16; 74);

(3)  212 Andrews Avenue, West Warwick, RI 02893 (Compl. ¶¶ 18; 90);

(4)  625 Round Top Road, Burrillville, RI 02830 (Compl. ¶¶ 20; 107);

(5)  31 Woodland Avenue, Smithfield, RI 02917 (Compl. ¶¶ 22; 123);

(6) 36 Hill Drive, Johnston, RI 02919 (Compl. ¶¶ 24; 139);

(7) 44 Pengrove Street, Cranston, RI 02920 (Compl. ¶¶ 26; 155);

(8) 56-58 Thomas Avenue, Pawtucket, RI 02860 (Compl. ¶¶ 28; 171);

(9) 13 Palm Street, North Providence, RI 02904 (Compl. ¶¶ 30; 187);

(10) 3-5 Aiken Street, Pawtucket, RI 02861 (Compl. ¶¶ 32; 203);

(11) 4 Mount Vernon Boulevard, Pawtucket, RI 02861 (Compl. ¶¶ 34; 219);

(12) 122 Laban Street, Providence, RI 02909 (Compl. ¶¶ 36; 235);

(13) 73 Ash Street, Lincoln, RI 02865 (Compl. ¶¶ 38; 251);

(14) 256 Long Highway, Little Compton, RI 02837 (Compl. ¶¶ 40; 267);

(15) 40 Monument Street, Cranston, RI 02910 (Compl. ¶¶ 42; 283).

l. The most recent property record available from the tax assessors for the cities and towns in which each of the 15 aforementioned properties are attached hereto as **Exhibit B**. Each of the 15 properties are valued in excess of $75,000.00.

m. Accordingly, the amount in controversy exceeds $75,000.00 in that the Plaintiffs, as owners of the 15 aforementioned properties, seek to declare the foreclosures of those properties void and seek damages for each of the allegedly invalid foreclosures.

3. **Proper Venue**. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff elected to initially file the action in federal court. This Court is the United States District Court for the district and division embracing the place where the state court action is pending and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

4. **Timeliness of Removal Petition.** Plaintiff filed the Complaint on or about January 3, 2022 and served Nationstar on **January 7, 2022**. Removal of this action is therefore

103617807v.1

timely under 28 U.S.C. § 1446(b) as the Notice of Removal has been filed within thirty (30) days of Defendants' receipt of the Complaint.

      5.      **<u>Consent</u>**.  All Defendants consent to this removal.  Upon information and belief, defendant Springfield Home Equity, Inc., f/k/a American General Home Equity, Inc. has not been served, and therefore its consent is not required.

      6.      **<u>Compliance</u>**.  Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Rhode Island for Providence County, where this action is pending and will serve such notice on Plaintiff in compliance with 28 U.S.C. §1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' *Local Rule* 81.1(a) submission.

      6.      **<u>Relief Requested</u>**.  Defendants respectfully request that the United States District Court for the District of Rhode Island accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

7
103617807v.1

DEFENDANTS[1],

By their Attorneys,

*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

February 4, 2022

---

[1] Nationstar Mortgage, LLC d/b/a Mr. Cooper; The Bank of New York Mellon Trust Company, N.A. as successor in interest to all permitted successors and assigns of JP Morgan Chase Bank, National Association as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan, Asset-Backed Certificates, Series 2005-BC4;
The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA8;
The Bank of New York Mellon Trust f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA5;
The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-FA11;
The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA12;
The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-FA3;
The Bank of New York Mellon as Trustee for Nationstar Home Equity Loan Trust 2007-C;
The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Pass-Through Certificates series FHAMS 2005-AA9;
The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA10;
Wells Fargo Bank, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FM1;
Wells Fargo Bank, National Association, as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5;
Wilmington Trust Company, as Trustee for Structured Asset Securities Mortgage Pass-Through Certificates, Series, 2005-4XS;
Wilmington Trust, National Association, as Trustee to Citibank, N.A. as Trustee to Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-1;
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 4th day of February, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Cranston, RI 02910
toddsdion@msn.com

*/s/ Krystle G. Tadesse, Esq.*