# **<u>EXHIBIT A</u>**

**STATE OF RHODE ISLAND**                         **SUPERIOR COURT**
**PROVIDENCE, SC**

_____ )

LINDA PARKER; GARY SLATER & LAUREN SLATER )
KRISTEN FLINT & ALFRED FLINT;                            )
WAYNE H. GOODLIN; JAMES S. DICENZO;            )    CA. NO.
MICHAEL A. AULT; DANIEL J. OSHEA;                  )
ANTHONY ANTONELLI; JASON W. ARENA &          )    COMPLAINT
MARILYN S. ARENA, JENNIFER HIGHTOWER,         )    CLASS ACTION
DENNIS PAQUIN, ALEXANDRA LOPES ORTIZ          )    JURY DEMANDED
(FKA MONTUFAR); MARIA FRANCISCO (FKA RAMOS); )
DAWN M. CASE AND GAYLE S. AMARAL               )
ON BEHALF OF THEMSELVES AND ALL OTHERS       )
SO SIMILARLY SITUATED                                  )
                                        )
                 _PLAINTIFFS_               )
    vs.                                                           )
                                          )

NATIONSTAR MORTGAGE, LLC (DBA MR. COOPER; )
                                          )
THE BANK OF NEW YORK MELLON TRUST           )
COMPANY, N.A. AS SUCCESSOR IN INTEREST       )
TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF )
JP MORGAN CHASE BANK, NATIONAL ASSOCIATION )
AS TRUSTEE FOR SPECIALTY UNDERWRITING AND  )
RESIDENTIAL FINANCE TRUST MORTGAGE LOAN,    )
ASSET-BACKED CERTIFICATES, SERIES 2005-BC4;  )
                                          )
THE BANK OF NEW YORK MELLON F/KA THE        )
BANK OF NEW YORK AS TRUSTEE FOR FIRST        )
HORIZON ALTERNATIVE MORTGAGE SECURITIES     )
TRUST 2005-AA8;                                            )
                                          )
THE BANK OF NEW YORK MELLON F/K/A THE       )
BANK OF NEW YORK AS TRUSTEE FOR FIRST        )
HORIZON ALTERNATIVE MORTGAGE SECURITIES     )
TRUST 2005-FA5;                                            )
                                          )
THE BANK OF NEW YORK MELLON F/K/A THE       )
BANK OF NEW YORK AS TRUSTEE FOR THE         )
HOLDERS OF THE CERTIFICATES, FIRST HORIZON  )
MORTGAGE PASS-THROUGH CERTIFICATES          )
SERIES FHAMS 2005-FA11;                               )
                                          )
THE BANK OF NEW YORK MELLON F/K/A THE       )
BANK OF NEW YORK AS TRUSTEE FOR THE         )

HOLDERS OF THE CERTIFICATES, FIRST HORIZON  )
MORTGAGE PASS-THROUGH CERTIFICATES SERIES)
FHAMS 2005-AA12;                                                    )
                                                                             )
THE BANK OF NEW YORK MELLON F/K/A THE       )
BANK OF NEW YORK AS TRUSTEE FOR FIRST       )
HORIZON ALTERNATIVE MORTGAGE SECURITIES  )
TRUST 2006-FA3;                                                     )
                                                                             )
THE BANK OF NEW YORK MELLON AS TRUSTEE    )
FOR NATIONSTAR HOME EQUITY LOAN TRUST     )
2007-C;                                                                  )
                                                                             )
THE BANK OF NEW YORK MELLON F/K/A THE       )
BANK OF NEW YORK, AS TRUSTEE FOR THE          )
HOLDERS OF THE CERTIFICATES, FIRST HORIZON  )
PASS-THROUGH CERTIFICATES SERIES FHAMS      )
2005-AA9;                                                              )
                                                                             )
THE BANK OF NEW YORK MELLON F/K/A THE       )
BANK OF NEW YORK AS TRUSTEE FOR FIRST       )
HORIZON ALTERNATIVE MORTGAGE SECURITIES  )
TRUST 2005-AA10                                                    )
                                                                             )
WELLS FARGO BANK, NATIONAL ASSOCIATION,   )
AS TRUSTEE FOR MERRILL LYNCH MORTGAGE     )
INVESTORS TRUST, MORTGAGE LOAN ASSET-       )
BACKED CERTIFICATES, SERIES 2005-FM1;            )
                                                                             )
WELLS FARGO BANK, NATIONAL ASSOCIATION,   )
AS TRUSTEE FOR LEHMAN MORTGAGE TRUST      )
MORTGAGE PASS-THROUGH CERTIFICATES,          )
SERIES 2007-5;                                                       )
                                                                             )
WILMINGTON TRUST COMPANY, AS TRUSTEE FOR )
STRUCTURED ASSET SECURITIES MORTGAGE        )
PASS-THROUGH CERTIFICATES, SERIES 2005-4XS;  )
                                                                             )
WILMINGTON TRUST, NATIONAL ASSOCIATION,    )
AS TRUSTEE TO CITIBANK, N.A. AS TRUSTEE TO    )
LEHMAN XS TRUST MORTGAGE PASS-THROUGH    )
CERTIFICATES, SERIES 2006-1;                              )
                                                                             )
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A )
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS   )
TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION )
TRUST;                                                                   )

2

|  |  |
|---|---|
| SPRINGFIELD HOME EQUITY, INC., F/K/A AMERICAN GENERAL HOME EQUITY, INC; | ) ) ) |
|  | ) |
| *Defendants.* | ) ) |

## INTRODUCTION

1.     The Representative Plaintiffs Linda Parker, Gary Slater & Lauren Slater, Kristen Flint & Alfred Flint, Wayne H. Goodlin, James S. Dicenzo, Michael A. Ault, Daniel J. OShea, Anthony Antonelli, Jason W. Arena & Marilyn S. Arena, Jennifer Hightower, Dennis Paquin, Alexandra Lopez Ortiz (fka Montufar), Maria Francisco (fka Ramos), Dawn M. Case, and Gayle S. Amaral, on behalf of themselves and all others so similarly situated, bring this class action as described in the paragraphs set forth herein. The Representative Plaintiffs seek damages and declaratory judgments that foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void due to Defendants breaches of contract and breaches of condition precedents to the Statutory Power of Sale for failing to foreclose in a manner prescribed by "applicable law" by foreclosing and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.   Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.     The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 5 of 80 PageID #: 18

Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the Defendants misconduct.

## JURISDICTION AND VENUE

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## **PARTIES**

13.     Representative Plaintiff, Linda Parker, claims to be the rightful owner of 180 Bedford Avenue, Warwick, RI 02886 which is the "subject property" referenced herein.  She is located at 21 Winslow Avenue, Plymouth, MA 02360.

14.     Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261.  Nationstar failed to obtain a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant Bank of New York in order to notice, publish and invoke the Statutory Power of Sale on the properties of Class Plaintiffs.  Nationstar further was not permitted by applicable law and the mortgage contracts to execute all affidavits and foreclosure deeds of behalf of Bank of New York, Wells Fargo, Wilmington and Springfield.

15.     Defendant, The Bank of New York Mellon Trust Company, N.A. as successor in interest to all permitted successors and assigns of JP Morgan Chase Bank, National Association as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan, Asset-Backed Certificates, Series 2005-BC4 (Bank of New York), is the trustee of a securitized trust that claimed

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

to hold the Parker Plaintiff's Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

16.     Representative Plaintiffs, Gary Slater and Lauren Slater, claim to be the rightful owners of 146-148 Lakeview Drive, Providence, RI 02905 which is the "subject property" referenced herein. They are located at 68 Sawyer St. Providence, RI 02907.

17.     Defendant, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA8 (Bank of New York), is the trustee of a securitized trust that claimed to hold the Slater Plaintiffs' Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

18.     Representative Plaintiffs, Kristen Flint and Alfred Flint, claim to be the rightful owner of 212 Andrews Avenue, West Warwick, RI 02893 which is the "subject property" referenced herein.

19.     Defendant, The Bank of New York Mellon Trust f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA5 (Bank of New York), is the trustee of a securitized trust that claimed to hold the Plaintiff Flints' Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

20.     Representative Plaintiff, Wayne H. Goodlin, claims to be the rightful owner of 625 Round Top Road, Burrillville, RI 02830 which is the "subject property" referenced herein. He is located at PO Box 200 Barrington, RI 02806.

21.     Defendant, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2005-FA11 (Bank of New York), is the trustee of a securitized trust that claimed to hold the Goodlin Plaintiff's Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

22.      Representative Plaintiff, James S. Dicenzo, claims to be the rightful owner of 31 Woodland Ave., Smithfield, RI 02917 which is the "subject property" referenced herein. He is located at 235 Canfield Ave., Warwick, RI 02889.

23.      Defendant, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-through Certificates Series FHAMS 2005-AA12 (Bank of New York), is the trustee of a securitized trust that claimed to hold the Plaintiff Dicenzo's Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

24.      Representative Plaintiff, Michael A. Ault, claims to be the rightful owner of 36 Hill Drive, Johnston, RI 02919 which is the "subject property" referenced herein. He is located at 3 Appian Way, Johnston, RI 02919

25.      Defendant, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-FA3 ("Bank of New York"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Ault's Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

26.      Representative Plaintiff, Daniel J. OShea, claims to be the rightful owner of 44 Pengrove Street, Cranston, RI 02920 which is the "subject property" referenced herein. He is located at 3 Western Hills Lane #1200, Cranston, RI 02921

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS     Document 1-2     Filed 02/04/22     Page 9 of 80 PageID #: 22

27.     Defendant, The Bank of New York Mellon as Trustee for Nationstar Home Equity Loan Trust 2007-C ("Bank of New York"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff OShea's Mortgage and Note at the time of the invalid foreclosure sale. Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

28.     Representative Plaintiff, Anthony Antonelli, claims to be the rightful owner of 56-58 Thomas Ave., Pawtucket, RI 02860 which is the "subject property" referenced herein.  He is located at 29 Pinecrest Dr., N. Scituate, RI 02857

29.     Defendant, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the holders of the Certificates, First Horizon Pass-Through Certificates series FHAMS 2005-AA9 ("Bank of New York"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Antonelli's Mortgage and Note at the time of the invalid foreclosure sale.  Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

30.     Representative Plaintiffs, Jason W. Arena and Marilyn S. Arena, claim to be the rightful owners of 13 Palm Street, North Providence, RI 02904, which is the "subject property" referenced herein.  They are located at 167 Gage Drive, Mooresville, NC 28115.

31.     Defendant, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-AA10 ("Bank of New York"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs Arenas' Mortgage and Note at the time of the invalid foreclosure sale.  Bank of New York is located at 240 Greenwich Street, New York, NY 10286.

32.     Representative Plaintiff, Jennifer Hightower, claims to be the rightful owner of 3-5 Aiken St., Pawtucket, RI 02861 which is the "subject property" referenced herein.  She is located at PO Box 2655, Pawtucket, RI 02861.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

33.     Defendant, Wells Fargo Bank, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FM1, ("Wells Fargo"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Hightower Mortgage and Note at the time of the invalid foreclosure sale.  Wells Fargo is located at 420 Montgomery Street, San Francisco, CA 94104.

34.     Representative Plaintiff, Dennis Paquin, claims to be the rightful owner of 4 Mount Vernon Blvd., Pawtucket, RI 02861 which is the "subject property" referenced herein.  He is located at 213 Holden Dr., Myrtle Beach, SC 29588.

35.     Defendant, Wells Fargo Bank, National Association, as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5, ("Wells Fargo"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Paquin Mortgage and Note at the time of the invalid foreclosure sale.  Wells Fargo is located at 420 Montgomery Street, San Francisco, CA 94104.

36.     Representative Plaintiff, Alexandra Lopes Ortiz (fka Montufar), claims to be the rightful owner of 122 Laban St., Providence, RI 02909 which is the "subject property" referenced herein.  She is located at 107 Ridge St., Providence, RI 02909.

37.     Defendant, Wilmington Trust Company, as Trustee for structured Asset Securities Mortgage Pass-Through Certificates, series, 2005-4XS, ("Wilmington"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Montufar Mortgage and Note at the time of the invalid foreclosure sale.  Wilmington Trust is located at 1100 North Market Street, Wilmington, DE 19890.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

38.    Representative Plaintiff, Maria Francisco (fka Ramos), claims to be the rightful owner of 73 Ash St., Lincoln, RI 02865 which is the "subject property" referenced herein.  She is located at 1776 Biccentenial Way, Apt L5, North Providence, RI 02911.

39.    Defendant, Wilmington Trust National Association, as Trustee to Citibank, N.A. as Trustee to Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-1, ("Wilmington"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Ramos Mortgage and Note at the time of the invalid foreclosure sale.  Wilmington Trust is located at 1100 North Market Street, Wilmington, DE 19890.

40.    Representative Plaintiff, Dawn M. Case, claims to be the rightful owner of 256 Long Hywy. Little Compton, RI 02837 which is the "subject property" referenced herein.  She is located at 744 Metacom Ave., Bristol, 02809.

41.    Defendant, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust, ("Wilmington"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Case Mortgage and Note at the time of the invalid foreclosure sale.  Wilmington Trust is located at 1100 North Market Street, Wilmington, DE 19890.

42.    Representative Plaintiff, Gayle S. Amaral, claims to be the rightful owner of 40 Monument St., Cranston, RI 02910 which is the "subject property" referenced herein.  She is located at 50 Wright Way, Coventry, RI 02816.

43.    Defendant, Springfield Home Equity, Inc., f/k/a American General Home Equity, Inc., ("Springfield"), is the trustee of a securitized trust that claimed to hold the Representative Plaintiff Amaral Mortgage and Note at the time of the invalid foreclosure sale.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 12 of 80 PageID #: 25

44.    At all times herein mentioned, Defendants, Nationstar and Bank of New York, Nationstar and Wells, Nationstar and Wilmington, and Nationstar and Springfield, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency

45.    Defendants, Nationstar and Bank of New York, Nationstar and Wells, Nationstar and Wilmington, and Nationstar and Springfield had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## ALLEGATIONS OF THE PARKER REPRESENTATIVE PLAINTIFF

46.    The Parker Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

47.    Representative Plaintiff, Linda Parker, claims to be the rightful owner of 180 Bedford Avenue, Warwick, RI 02886 which is the "subject property" referenced herein.

48.    On June 17, 2005, Plaintiff Parker was conveyed the subject property. The Deed granting the property to Plaintiff Parker was recorded in the City of Warwick Land Evidence Records in Book 5748, at Page 308 on June 17, 2005.

49.    On June 17, 2005, the Plaintiff Parker executed a promissory note and mortgage deed in favor of Wilmington Finance as lender and MERS as mortgagee. ("Parker Mortgage/Note"). The Parker Mortgage was recorded in the City of Warwick Land Evidence Records in Book 5748 at Page 310 on June 17, 2005

50.    The Parker Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 13 of 80 PageID
#: 26

Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

51.     On April 28, 2017, the Parker Mortgage was purportedly assigned to Defendant, Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 7120 Page 259 on May 24, 2017.

52.     Nationstar became the servicer of the Parker Mortgage on or about 2012.

53.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

54.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

55.    On or about May 16, 2017, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Plaintiff Parker a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 26, 2017. Nationstar also caused to published said notice on July 5, 2017, July 12, 2017 and July 19, 2017.

56.    The Plaintiff Parker alleges that from July 1, 2015 through August 29, 2017, including on May 16, 2017 through August 11, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

57.    The Plaintiff Parker alleges, that on July 26, 2017, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Parker Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

58.    The Plaintiff Parker alleges, that on August 2, 2017, Nationstar executed a Foreclosure Deed as attorney in fact for Bank of New York granting the property to Bank of New York. The Foreclosure Deed was recorded on August 11, 2017 in the City of Warwick Land Evidence Records in Book 8877 at Page 129. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 15 of 80 PageID
#: 28

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

59.     The Parker Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Parker Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Parker Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

60.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Parker Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

61.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 21 of the Parker Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 16 of 80 PageID #: 29

62.    The Parker Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFFS SLATER

63.    The Slater Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

64.    Representative Plaintiffs, Gary Slater and Lauren Slater, claim to be the rightful owners of

146-148 Lakeview Drive, Providence, RI 02905 which is the "subject property" referenced herein.

65.    On June 27, 2005, the Slater Plaintiffs, were conveyed the subject property. The Deed

granting the property to the Slater Plaintiffs was recorded in the City of Providence Land Evidence

Records in Book 7380, at page 227 on June 28, 2005.

66.    On June 27, 2005, the Slater Plaintiffs executed a promissory note and mortgage deed in

favor of First Horizon Home Loan Corporation, as lender and MERS as mortgagee. ("Slater

Mortgage/Note"). The Slater Mortgage was recorded in the City of Providence Land Evidence

Records in Book 7380 at Page 229 on June 28, 2005

67.    The Slater Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security
> Instrument…The notice shall specify: (a) the default; (b) the action required to cure
> the default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice shall further
> inform Borrower of the right to reinstate after acceleration and the right to bring a
> court action to assert the non-existence of a default or any other defense of
> Borrower to acceleration and sale. If the default is not cured on or before the date
> specified in the notice, Lender at its option may require immediate payment in full
> of all sums secured by this Security Instrument without further demand and may
> invoke the STATUTORY POWER OF SALE and any other remedies permitted by
> Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS   Document 1-2   Filed 02/04/22   Page 17 of 80 PageID #: 30

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

68.   On September 23, 2015, the Slater Mortgage purportedly was assigned to Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 11229 Page 281 on October 2, 2015.

69.   Nationstar became the servicer of the Slater Mortgage prior to the foreclosure and continued to act as Bank of New York's servicer without first obtaining a servicing license with the State of Rhode Island.

70.   On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

71.   Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS     Document 1-2     Filed 02/04/22     Page 18 of 80 PageID
#: 31

violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

72.     On or about February 28, 2017, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Slater Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of April 18, 2017. Nationstar also caused to published said notice on March 28, 2017, April 4, 2017 and April 11, 2017.

73.     The Slater Plaintiffs allege that from July 1, 2015 through August 29, 2017, including on February 28, 2017 through May 24, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

74.     The Slater Plaintiffs allege, that on April 18, 2017, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Slater Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action was in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

75.     The Slater Plaintiffs allege, that on May 4, 2017, Nationstar executed a Foreclosure Deed as servicer for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on May 24, 2017 in the City of Providence Land Evidence Records in Book 11724 at Page 312  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, were in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 19 of 80 PageID #: 32

76.     The Slater Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Slater Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Slater Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

77.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Slater Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

78.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Slater Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

79.     The Slater Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE FLINT REPRESENTATIVE PLAINTIFFS**

80.     The Flint Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

81.     Representative Plaintiffs Flint claim to be the rightful owners of 212 Andrews Ave., West Warwick, RI 02893 which is the "subject property" referenced herein.

82.     On March 23, 2005, Plaintiffs Flint were conveyed the subject property. The Deed granting the property to Plaintiffs Flint was recorded in the Town of West Warwick Land Evidence Records in Book 1575 at page 92 on March 23, 2005.

83.     On March 23, 2005, Plaintiffs Flint executed a promissory note and mortgage deed in favor of New England Regional Mortgage Corporation as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Flint Mortgage/Note"). The Flint Mortgage was recorded in the Town of West Warwick  Land Evidence Records in Book 1575, at page 94 on March 23, 2005.

84.     The Flint Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 21 of 80 PageID #: 34

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

85.    On June 24, 2016, the Flint Mortgage was purportedly assigned to Bank of New York. Said purported "Assignment of Mortgage" was recorded in the Town of West Warwick Land Evidence Records in Book 2431 Page 144 on July 7, 2016.

86.    Nationstar became the servicer of the Flint Mortgage prior to the foreclosure and continued to act as servicer of the Flint Mortgage without first obtaining a servicing license with the State of Rhode Island.

87.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

88.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

89.     On or about May 24, 2017, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Flint Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 14, 2017. Nationstar also caused to published said notice on June 23, 2017, June 30, 2017 and July 7, 2017.

90.     The Plaintiff Flint alleges that from July 1, 2015 through August 29, 2017, including on May 24, 2017 through July 31, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

91.     The Plaintiff Flint alleges, that on July 14, 2017, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Flint Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

92.     The Plaintiff Flint alleges, that on July 31, 2017 Nationstar executed a Foreclosure Deed as attorney in fact for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on September 20, 2017 in the Town of West Warwick Land Evidence Records in Book 2482 at Page 2976.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the """applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

Case 1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 23 of 80 PageID #: 36

93.     The Plaintiffs Flint also allege, that the foreclosure and sale are in breach of paragraph 22 of the Flint Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Flint Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

94.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Flint Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

95.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Flint Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

96.     The Flint Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE GOODLIN REPRESENTATIVE PLAINTIFF**

97.     The Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

98.     Plaintiff, Wayne H. Goodlin, claims to be the rightful owners of 625 Round Top Rd., Burrillville, RI 02830 which is the "subject property" referenced herein.

99.     On December 24, 2003, Plaintiff Goodlin was conveyed the subject property. The Deed granting the property to Plaintiff Goodlin was recorded in the Town of Burrillville Land Evidence Records in Book 303, at page 217 on December 29, 2003.

100.    On November 4, 2005, Plaintiff executed a promissory note and mortgage deed in favor of First Horizon Home Loan Corporation, as lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee. ("Goodlin Mortgage/Note"). The Goodlin Mortgage was recorded in the Town of Burrillville Land Evidence Records in Book 463, at page 260 on November 9, 2005.

101.    The Goodlin Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 25 of 80 PageID #: 38

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

102.    On May 9, 2014, MERS purportedly assigned the subject mortgage to Defendant Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the Town of Burrillville Land Evidence Records in Book 898 Page 60 on May 16, 2014.

103.    Nationstar became the servicer of the Goodlin Mortgage prior to the foreclosure and continued to service the Goodlin Mortgage without first obtaining a servicing license with the State of Rhode Island.

104.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

105.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS     Document 1-2     Filed 02/04/22     Page 26 of 80 PageID #: 39

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

106.    On or about November 13, 2015, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Goodlin Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of January 4, 2016. Nationstar also caused to published said notice on December 14, 2016, December 21, 2016 and December 28, 2016.

107.    The Goodlin Plaintiff alleges that from July 1, 2015 through September 28, 2017, including on November 13, 2015 through June 9, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

108.    The Goodlin Plaintiff alleges, that on January 4, 2016, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Goodlin Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale because Nationstar was not a licensed third party loan servicer pursuant to Applicable Law at the time of the foreclosure notice on November 13, 2015 and at the time of publication of December 14, 2015, December 21, 2015 and December 28, 2015.

109.    The Plaintiffs allege, that on February 5, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on June 9, 2016 in the Town of Burrillville Land Evidence Records in Book 976 at Page 210.  Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26,  and in breach of the

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 27 of 80 PageID #: 40

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale because Nationstar was not a licensed third party loan servicer pursuant to Applicable Law at the time of the foreclosure notice on November 13, 2015 and at the time of publication on December 14, 2015, December 21, 2015 and December 28, 2015

110.    The Goodlin Plaintiff also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Goodlin Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."   As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Goodlin Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and BANK OF NEW YORK failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Goodlin Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

111.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Goodlin Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

112.    The Goodlin Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE DICENZO REPRESENTATIVE PLAINTIFF

113.    The Dicenzo Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

114.    Representative Plaintiff, James S. Dicenzo, claims to be the rightful owner of 31 Woodland Ave., Smithfield, RI 02917 which is the "subject property" referenced herein.

115.    On April 29, 2005, Plaintiff was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the Town of Smithfield Land Evidence Records in Book 462 at page 720 on May 9, 2005.

116.    On November 14, 2005, Plaintiff executed a promissory note and mortgage deed in favor of First Horizon Home Loan Corporation, as lender and mortgagee. ("Dicenzo Mortgage/Note"). The Dicenzo Mortgage was recorded in the Town of Smithfield Land Evidence Records in Book 483, at page 1 on November 18, 2005.

117.    The Dicenzo Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a

court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

118.    On June 11, 2013, the Dicenzo Mortgage purportedly assigned the subject mortgage to Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the Town of Smithfield Land Evidence Records in Book 916 Page 290 on June 24, 2013.

119.    Nationstar became the servicer of the Dicenzo Mortgage on or about 2012 and continued to servicer the Dicenzo mortgage without first obtaining a servicing license with the State of Rhode Island.

120.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

121.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

122.     On or about November 22, 2016, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of January 12, 2017. Nationstar also caused to published said notice on December 22, 2016, December 29, 2016 and January 5, 2017.

123.     The Plaintiff Dicenzo alleges that from July 1, 2015 through August 29, 2017, including on November 22, 2016 through March 22, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

124.     The Plaintiff Dicenzo alleges, that on January 12, 2017, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Dicenzo Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

125.     The Dicenzo Plaintiff alleges, that on February 28, 2017 Nationstar executed a Foreclosure Deed as attorney in fact for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on March 22, 2017 in the Town of Smithfield Land Evidence Records in Book 1099 at Page 39.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 31 of 80 PageID #: 44

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

126.    The Plaintiff Dicenzo alleges, that the foreclosure and sale are in breach of paragraph 22 of the Dicenzo Mortgage, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." (Emphasis Added).  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Dicenzo Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

127.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Dicenzo Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

128.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Dicenzo Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 32 of 80 PageID #: 45

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

129.    The Dicenzo Plaintiff and members of the class are entitled to damages for the untimely

loss of their property that was caused by the Defendant's failure to comply with applicable law.

See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,

20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE AULT REPRESENTATIVE PLAINTIFF**

130.    The Ault Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

131.    Representative Plaintiff, Michael A. Ault, claims to be the rightful owner of 36 Hill

Avenue, Johnston, RI 02919 which is the "subject property" referenced herein.

132.    On September 29, 2000, Plaintiff Ault was conveyed the subject property. The Deed

granting the property to Plaintiff Ault was recorded in the Town of Johnston Land Evidence

Records in Book 848 at Page 96 on October 2, 2000.

133.    On March 1, 2006, Plaintiffs Ault executed a promissory note and mortgage deed in favor

of First Horizon., as lender and MERS as mortgagee. ("Ault Mortgage/Note"). The Ault Mortgage

was recorded in the Town of Johnston Land Evidence Records in Book 1682 at page 222 on March

3, 2006.

134.    The Ault Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security
> Instrument…The notice shall specify: (a) the default; (b) the action required to cure
> the default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice shall further
> inform Borrower of the right to reinstate after acceleration and the right to bring a
> court action to assert the non-existence of a default or any other defense of
> Borrower to acceleration and sale. If the default is not cured on or before the date

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS     Document 1-2     Filed 02/04/22     Page 33 of 80 PageID #: 46

specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

135.    On January 6, 2016, the Ault Mortgage was assigned to Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the Town of Johnston Land Evidence Records in Book 2477 Page 51 on January 11, 2016.

136.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

137.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

138.    On or about October 7, 2016, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Plaintiffs Ault a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 30, 2016.  Nationstar also caused to published said notice on November 8, 2016, November 15, 2016, November 22, 2016.

139.    The Plaintiff Ault alleges that from July 1, 2015 through August 29, 2017, including on October 7, 2016 through January 12, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

140.    The Plaintiff Ault alleges, that on November 30, 2016, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Ault Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

141.    The Plaintiff Ault alleges, that on December 21, 2016, Nationstar executed a Foreclosure Deed as servicer for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on January 12, 2017 in the Town of Johnston Land Evidence Records in Book 2565 at Page 66.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

142.    The Plaintiff Ault alleges, that the foreclosure and sale are in breach of paragraph 22 of the Ault Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Ault Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

143.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Ault Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

144.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Ault Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

145.    The Ault Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE OSHEA REPRESENTATIVE PLAINTIFF**

146.   The OShea Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

147.   Representative Plaintiff, Daniel J. OShea, claims to be the rightful owner of 44 Pengrove St., Cranston, RI 02920 which is the "subject property" referenced herein.

148.   On August 29, 2002, Plaintiff OShea was conveyed the subject property. The Deed granting the property to Plaintiff OShea was recorded in the City of Cranston Land Evidence Records in Book 1827 at Page 43 on August 30, 2002.

149.   On March 15, 2007, Plaintiff OShea executed a promissory note and mortgage deed in favor of Nationstar Mortgage LLC., as lender and as mortgagee. ("OShea Mortgage/Note"). The OShea Mortgage was recorded in the City of Cranston Land Evidence Records in Book 3660 at page 155 on May 7, 2007.

150.   The OShea Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

Case 1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 37 of 80 PageID #: 50

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

151.    On February 18, 2015, the OShea Mortgage was assigned to Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the City of Cranston Land Evidence Records in Book 5037 Page 284 on April 1, 2015.

152.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

153.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

154.    On or about August 7, 2015, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Plaintiffs OShea a Notice of Mortgagee Foreclosure Sale. Said

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 38 of 80 PageID #: 51

Notice of Mortgagee Foreclosure Sale stated a sale date of October 1, 2015. Nationstar also caused to published said notice on September 9, 2015, September 16, 2015 and September 23, 2015.

155.    The Plaintiff OShea alleges that from July 1, 2015 through August 29, 2017, including on August 7, 2015 through November 23, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

156.    The Plaintiff OShea alleges, that on October 1, 2015, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the OShea Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

157.    The Plaintiff OShea alleges, that on November 6, 2015, Nationstar executed a Foreclosure Deed as servicer for Bank of New York granting the property to Bank of New York. The Foreclosure Deed was recorded on November 23, 2015 in the City of Cranston Land Evidence Records in Book 5148 at Page 71. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

158.    The Plaintiff OShea alleges, that the foreclosure and sale are in breach of paragraph 22 of the OShea Mortgage, which requires that, "…[the Lender] may invoke THE STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or

their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Ault Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

159.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the OShea Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

160.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the OShea Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

161.    The OShea Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE ANTONELLI REPRESENTATIVE PLAINTIFF

162.    The Antonelli Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

163.    Representative Plaintiff, Anthony Antonelli, claims to be the rightful owner of 56-58 Thomas Ave., Pawtucket, RI 02860 which is the "subject property" referenced herein.

164.    On August 15, 2005, Plaintiff Antonelli was conveyed the subject property. The Deed granting the property to Plaintiff Antonelli was recorded in the City of Pawtucket Land Evidence Records in Book 2451 at Page 1 on August 15, 2005.

165.    On August 15, 2005, Plaintiff Antonelli executed a promissory note and mortgage deed in favor of First Horizon Home Loan Corporation as lender and MERS as mortgagee. ("Antonelli Mortgage/Note"). The Antonelli Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book 2452 at page 2 on August 15, 2006.

166.    The Antonelli Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable</u>

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 41 of 80 PageID #: 54

Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

167.    On June 5, 2014, the Antonelli Mortgage was assigned to Bank of New York.  Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book 3728 Page 267 on June 5, 2014.

168.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

169.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

170.    On or about August 14, 2015, Nationstar, acting as third-party servicer on behalf of Bank of New York, caused to be sent to the Plaintiffs Antonelli a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 7, 2015.  Nationstar also caused to published said notice on September 15, 2015, September 22, 2015, September 29, 2015.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

171.    The Plaintiff Antonelli alleges that from July 1, 2015 through August 29, 2017, including on August 14, 2015 through November 30, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

172.    The Plaintiff Antonelli alleges, that on October, 7, 2015, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Antonelli Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

173.    The Plaintiff Antonelli alleges, that on October 30, 2015, Nationstar executed a Foreclosure Deed as servicer for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on November 30, 2015 in the City of Pawtucket Land Evidence Records in Book 3894 at Page 121.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

174.    The Plaintiff Antonelli alleges, that the foreclosure and sale are in breach of paragraph 22 of the Antonelli Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Antonelli Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

175.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Antonelli Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

176.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Antonelli Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

177.    The Antonelli Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE ARENA REPRESENTATIVE PLAINTIFFS

178.    The Arena Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 44 of 80 PageID
#: 57

179.    Representative Plaintiffs, Jason W. Arena and Marilyn S. Arena, claim to be the rightful

owners of 13 Palm Street, North Providence, RI 02904 which is the "subject property" referenced

herein.

180.    On October 19, 2004, Plaintiffs Arena was conveyed the subject property. The Deed

granting the property to Plaintiff Arena was recorded in the Town of North Providence Land

Evidence Records in Book 2006 at Page 166 on October 25, 2004.

181.    On September 16, 2005, Plaintiffs Arena executed a promissory note and mortgage deed

in favor of First Horizon., as lender and MERS as mortgagee. ("Arena Mortgage/Note"). The

Arena Mortgage was recorded in the Town of North Providence Land Evidence Records in Book

2162 at page 131 on September 21, 2005.

182.    The Arena Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
following Borrower's breach of any covenant or agreement in this Security
Instrument...The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may
invoke the STATUTORY POWER OF SALE and any other remedies permitted by
Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
the remedies provided in this Section 22, including, but not limited to, reasonable
attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 45 of 80 PageID
#: 58

this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

183.    On July 21, 2016, the Arena Mortgage was assigned to Bank of New York.  Said purported

"Assignment of Mortgage" was recorded in the Town of North Providence Land Evidence Records

in Book 3090 Page 320 on August 2, 2016.

184.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

185.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

186.    On or about August 25, 2016, Nationstar, acting as third-party servicer on behalf of Bank

of New York, caused to be sent to the Plaintiffs Arena a Notice of Mortgagee Foreclosure Sale.

Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 20, 2016.  Nationstar also

caused to published said notice on September 28, 2016, October 5, 2016 and October 12, 2016.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 46 of 80 PageID #: 59

187.    The Plaintiffs Arena allege that from July 1, 2015 through August 29, 2017, including on October 7, 2016 through January 12, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

188.    The Plaintiffs Arena allege, that on October 20, 2016, Nationstar, acting as third-party mortgage servicer for Bank of New York foreclosed the Arena Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

189.    The Plaintiffs Arena allege, that on November 8, 2016, Nationstar executed a Foreclosure Deed as servicer for Bank of New York granting the property to Bank of New York.  The Foreclosure Deed was recorded on December 2, 2016 in the Town of North Providence Land Evidence Records in Book 3120 at Page 94.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

190.    The Plaintiffs Arena allege, that the foreclosure and sale are in breach of paragraph 22 of the Ault Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 47 of 80 PageID #: 60

secured by the Arena Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

191.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Arena Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

192.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Arena Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

193.    The Arena Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE HIGHTOWER REPRESENTATIVE PLAINTIFF

194.    The Hightower Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 48 of 80 PageID #: 61

195.    Representative Plaintiff, Jennifer Hightower, claims to be the rightful owner of 3-5 Aiken Street., Pawtucket, RI 02861 which is the "subject property" referenced herein.

196.    On April 1, 2005, Plaintiff Hightower was conveyed the subject property. The Deed granting the property to Plaintiff Hightower was recorded in the City of Pawtucket Land Evidence Records in Book 2337 at Page 35 on April 4, 2005.

197.    On April 1, 2005, Plaintiff Hightower executed a promissory note and mortgage deed in favor of Fremont Investment and Loan as lender and MERS as mortgagee. ("Hightower Mortgage/Note"). The Hightower Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book 2337 at page 37 on April 4, 2005.

198.    The Hightower Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 49 of 80 PageID #: 62

199.    On September 1, 2016, the Hightower Mortgage was assigned to Wells Fargo. Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book 3995 Page 170 on September 13, 2016.

200.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

201.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

202.    On or about May 22, 2015, Nationstar, acting as third-party servicer on behalf of Wells Fargo, caused to be sent to the Plaintiff Hightower a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 15, 2015. Nationstar also caused to published said notice on June 23, 2015, June 30, 2015 and July 7, 2015.

203.    The Plaintiff Hightower alleges that from July 1, 2015 through August 29, 2017, including on May 22, 2015 through March 8, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

48

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 50 of 80 PageID
#: 63

204.    The Plaintiff Hightower alleges, that on July 15, 2015, Nationstar, acting as third-party mortgage servicer for Wells Fargo foreclosed the Hightower Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

205.    The Plaintiff Hightower alleges, that on February 10, 2016, Nationstar executed a Foreclosure Deed as servicer for Wells Fargo granting the property to Wells Fargo.    The Foreclosure Deed was recorded on March 8, 2016 in the City of Pawtucket Land Evidence Records in Book 3925 at Page 152.    Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

206.    The Plaintiff Hightower alleges, that the foreclosure and sale are in breach of paragraph 22 of the Hightower Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."    As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Hightower Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

207.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 51 of 80 PageID #: 64

pursuant to R.I.G.L. § 19-14-26, Nationstar and Wells Fargo failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Hightower Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

208.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Hightower Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

209.    The Hightower Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE PAQUIN REPRESENTATIVE PLAINTIFF

210.    The Paquin Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

211.    Representative Plaintiff, Dennis Paquin, claims to be the rightful owner of 4 Mount Vernon Blvd., Pawtucket, RI 02861 which is the "subject property" referenced herein.

212.    On December 14, 2001, Plaintiff Paquin was conveyed the subject property. The Deed granting the property to Plaintiff Paquin was recorded in the City of Pawtucket Land Evidence Records in Book 1422 at Page 44 on December 17, 2001.

213.    On February 20, 2004, Plaintiff Paquin executed a promissory note and mortgage deed in

favor of Wilmington Finance as lender and MERS as mortgagee. ("Paquin Mortgage/Note"). The

Paquin Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book 2013 at

page 35 on February 25, 2004.

214.    The Paquin Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security
> Instrument…The notice shall specify: (a) the default; (b) the action required to cure
> the default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice shall further
> inform Borrower of the right to reinstate after acceleration and the right to bring a
> court action to assert the non-existence of a default or any other defense of
> Borrower to acceleration and sale. If the default is not cured on or before the date
> specified in the notice, Lender at its option may require immediate payment in full
> of all sums secured by this Security Instrument without further demand and may
> invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by</u>
> <u>Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing
> the remedies provided in this Section 22, including, but not limited to, reasonable
> attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable</u>
> <u>Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

215.    On March 11, 2015, the Paquin Mortgage was assigned to Well Fargo.  Said purported

"Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book

3810 Page 257 on March 20, 2015.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 53 of 80 PageID #: 66

216.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

217.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

218.    On or about March 25, 2016, Nationstar, acting as third-party servicer on behalf of Wells Fargo, caused to be sent to the Plaintiff Paquin a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of May 17, 2016.  Nationstar also caused to published said notice on April 26, 2016, May 3, 2016 and May 10, 2016.

219.    The Plaintiff Paquin alleges that from July 1, 2015 through August 29, 2017, including on March 25, 2016 through August 16, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

220.    The Plaintiff Paquin alleges, that on May 17, 2016, Nationstar, acting as third-party mortgage servicer for Wells Fargo foreclosed the Paquin Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 54 of 80 PageID #: 67

prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

221.    The Plaintiff Paquin alleges, that on June 6, 2016, Nationstar executed a Foreclosure Deed as servicer for Wells Fargo granting the property to Wells Fargo.  The Foreclosure Deed was recorded on August 16, 2016 in the City of Pawtucket Land Evidence Records in Book 3984 at Page 72.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

222.    The Plaintiff Paquin alleges, that the foreclosure and sale are in breach of paragraph 22 of the Paquin Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Paquin Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

223.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Wells Fargo failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable

law"", thus breaching the Paquin Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

224.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Paquin Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

225.    The Paquin Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE MONTUFAR REPRESENTATIVE PLAINTIFF

226.    The Montufar Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

227.    Representative Plaintiff, Alexandra Lopes Ortiz (fka Montufar), claims to be the rightful owner of 122 Laban Street, Providence, RI 02909, which is the "subject property" referenced herein.

228.    On November 26, 2003, Plaintiff Montufar was conveyed the subject property. The Deed granting the property to Plaintiff Montufar was recorded in the City of Providence Land Evidence Records in Book 6202 at Page 242 on November 26, 2003.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 56 of 80 PageID
#: 69

229.    On January 20, 2005, Plaintiff Montufar executed a promissory note and mortgage deed in

favor of Lehman Brothers Bank as lender and MERS as mortgagee. ("Montufar Mortgage/Note").

The Montufar Mortgage was recorded in the City of Providence Land Evidence Records in Book

7078 at page 233 on February 2, 2005.

230.    The Montufar Mortgage states at Paragraph 22 as follows:

> 22.    Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security
> Instrument…The notice shall specify: (a) the default; (b) the action required to cure the
> default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice shall further
> inform Borrower of the right to reinstate after acceleration and the right to bring a
> court action to assert the non-existence of a default or any other defense of
> Borrower to acceleration and sale. If the default is not cured on or before the date
> specified in the notice, Lender at its option may require immediate payment in full
> of all sums secured by this Security Instrument without further demand and may
> invoke the STATUTORY POWER OF SALE and any other remedies permitted by
> Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
> the remedies provided in this Section 22, including, but not limited to, reasonable
> attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

231.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 57 of 80 PageID #: 70

232.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

233.    On or about December 22, 2015, Nationstar, acting as third-party servicer on behalf of

Wilmington Finance, caused to be sent to the Plaintiff Montufar a Notice of Mortgagee Foreclosure

Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of February 18, 2016.

Nationstar also caused to published said notice on January 28, 2016, February 4, 2016 and

February 11, 2016.

234.    The Plaintiff Montufar alleges that from July 1, 2015 through August 29, 2017, including

on December 22, 2015 through April 28, 2016, Nationstar was not a licensed third-party servicer

in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

235.    The Plaintiff Montufar alleges, that on February 18, 2016, Nationstar, acting as third-party

mortgage servicer for Wilmington Finance foreclosed the Montufar Mortgage and sold the subject

property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1,

subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void,

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS     Document 1-2     Filed 02/04/22     Page 58 of 80 PageID #: 71

236.    The Plaintiff Montufar alleges, that on March 10, 2016, Nationstar executed a Foreclosure Deed as servicer for Wilmington Finance granting the property to Wilmington Finance.  The Foreclosure Deed was recorded on April 28, 2016 in the City of Providence Land Evidence Records in Book 11378 at Page 218.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

237.    The Plaintiff Montufar alleges, that the foreclosure and sale are in breach of paragraph 22 of the Montufar Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Montufar Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

238.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Wilmington Finance failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Montufar Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

239.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Montufar Mortgage contract due to Defendants' failure to foreclose and sell in the manner

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 59 of 80 PageID
#: 72

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

240.    The Montufar Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**<u>ALLEGATIONS OF THE RAMOS REPRESENTATIVE PLAINTIFF</u>**

241.    The Ramos Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

242.    Representative Plaintiff, Maria Francisco (fka Ramos), claims to be the rightful owner of 73 Ash Street, Lincoln, RI 02865 which is the "subject property" referenced herein.

243.    On October 26, 2004, Plaintiff Ramos was conveyed the subject property. The Deed granting the property to Plaintiff Ramos was recorded in the Town of Lincoln Land Evidence Records in Book 1191 at Page 11 on October 26, 2004.

244.    On November 22, 2005, Plaintiff Ramos executed a promissory note and mortgage deed in favor of Wilmington Finance as lender and MERS as mortgagee. ("Ramos Mortgage/Note"). The Ramos Mortgage was recorded in the Town of Lincoln Land Evidence Records in Book 1305 at page 198 on November 28, 2005.

245.    The Ramos Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 60 of 80 PageID
#: 73

Instrument…The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may
invoke the STATUTORY POWER OF SALE and any other remedies permitted by
Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
the remedies provided in this Section 22, including, but not limited to, reasonable
attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

246.    On December 29, 2015, the Ramos Mortgage was assigned to Wilmington Finance.  Said

purported "Assignment of Mortgage" was recorded in the Town of Lincoln Land Evidence

Records in Book 1980 Page 59 on January 8, 2016.

247.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
borrower without first obtaining a license under this chapter from the director or
the director's designee.

248.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 61 of 80 PageID #: 74

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

249.    On or about February 13, 2016, Nationstar, acting as third-party servicer on behalf of Wilmington Finance, caused to be sent to the Plaintiffs Ramos a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of April 4, 2016.  Nationstar also caused to published said notice on March 14, 2016, March 21, 2016 and March 28, 2016.

250.    The Plaintiff Ramos alleges that from July 1, 2015 through August 29, 2017, including on February 13, 2016 through August 4, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

251.    The Plaintiff Ramos alleges, that on April 4, 2016, Nationstar, acting as third-party mortgage servicer for Wilmington Finance foreclosed the Ramos Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

252.    The Plaintiff Ramos alleges, that on May 9, 2016, Nationstar executed a Foreclosure Deed as servicer for Wilmington Finance granting the property to Wilmington Finance.  The Foreclosure Deed was recorded on August 4, 2016 in the Town of Lincoln Land Evidence Records in Book 2011 at Page 42.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law""

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 62 of 80 PageID #: 75

provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

253.    The Plaintiff Ramos alleges, that the foreclosure and sale are in breach of paragraph 22 of the Ramos Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Ramos Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

254.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Wilmington Finance failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Ramos Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

255.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Ramos Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 63 of 80 PageID #: 76

256.    The Ramos Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE CASE REPRESENTATIVE PLAINTIFF**

257.    The Case Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

258.    Representative Plaintiff, Dawn M. Case, claims to be the rightful owner of 256 Long

Hywy., Little Compton, RI 02837, which is the "subject property" referenced herein.

259.    On September 14, 2004, Plaintiff Case was conveyed the subject property. The Deed

granting the property to Plaintiff Case was recorded in the Town of Little Compton Land Evidence

Records in Book 155 at Page 198 on September 17, 2004.

260.    On August 20, 2007, Plaintiff Case executed a promissory note and mortgage deed in favor

of Washington National Bank as lender and as mortgagee. ("Case Mortgage/Note"). The Case

Mortgage was recorded in the Town of Little Compton Land Evidence Records in Book 174 at

page 591 on August 28, 2007.

261.    The Case Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security
> Instrument…The notice shall specify: (a) the default; (b) the action required to cure
> the default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice shall further
> inform Borrower of the right to reinstate after acceleration and the right to bring a
> court action to assert the non-existence of a default or any other defense of
> Borrower to acceleration and sale. If the default is not cured on or before the date
> specified in the notice, Lender at its option may require immediate payment in full
> of all sums secured by this Security Instrument without further demand and may
> invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by</u>
> <u>Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 64 of 80 PageID #: 77

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

262.    On July 1, 2015, the Case Mortgage was assigned to Wilmington Finance.  Said purported "Assignment of Mortgage" was recorded in the Town of Little Compton Land Evidence Records in Book 288 Page 312 on September 24, 2015.

263.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

264.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 65 of 80 PageID #: 78

265.    On or about October 30, 2015, Nationstar, acting as third-party servicer on behalf of Wilmington Finance, caused to be sent to the Plaintiffs Case a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of December 22, 2015. Nationstar also caused to published said notice on November 30, 2015, December 7, 2015 and December 14, 2015.

266.    The Plaintiff Case alleges that from July 1, 2015 through August 29, 2017, including on October 30, 2015 through March 22, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

267.    The Plaintiff Case alleges, that on December 22, 2015, Nationstar, acting as third-party mortgage servicer for Wilmington Finance foreclosed the Case Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

268.    The Plaintiff Case alleges, that on February 1, 2016, Nationstar executed a Foreclosure Deed as servicer for Wilmington Finance granting the property to Wilmington Finance.  The Foreclosure Deed was recorded on March 22, 2016 in the Town of Little Compton Land Evidence Records in Book 294 at Page 93.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

269.    The Plaintiff Case alleges, that the foreclosure and sale are in breach of paragraph 22 of the Case Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Case Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

270.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Wilmington Finance failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Case Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

271.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Case Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

272.    The Case Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 67 of 80 PageID #: 80

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**ALLEGATIONS OF THE AMARAL REPRESENTATIVE PLAINTIFF**

273.    The Amaral Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

274.    Representative Plaintiff, Gayle S. Amaral, claims to be the rightful owner of 40 Monument St., Cranston, RI 02910, which is the "subject property" referenced herein.

275.    On May 15, 2002, Plaintiff Amaral was conveyed the subject property. The Deed granting the property to Plaintiff Amaral was recorded in the City of Cranston Land Evidence Records in Book 1731 at Page 317 on May 20, 2002.

276.    On October 29, 2004, Plaintiff Amaral executed a promissory note and mortgage deed in favor of Wilmington Finance as lender and as mortgagee. ("Amaral Mortgage/Note"). The Amaral Mortgage was recorded in the City of Cranston Land Evidence Records in Book 2818 at page 291 on November 3, 2004.

277.    The Amaral Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

Case 1:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 68 of 80 PageID #: 81

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

278.    On July 30, 2014, the Amaral Mortgage was assigned to American General nka Springfield. Said purported "Assignment of Mortgage" was recorded in the City of Cranston Land Evidence Records in Book 4952 Page 69 on September 4, 2014.

279.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

280.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

281.    On or about October 2, 2015, Nationstar, acting as third-party servicer on behalf of Springfield, caused to be sent to the Plaintiffs Amaral a Notice of Mortgagee Foreclosure Sale.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 69 of 80 PageID #: 82

Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 24, 2015. Nationstar also caused to published said notice on November 2, 2015, November 9, 2015 and November 16, 2015.

282.    The Plaintiff Amaral alleges that from July 1, 2015 through August 29, 2017, including on October 2, 2015 through March 29, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

283.    The Plaintiff Amaral alleges, that on November 24, 2015, Nationstar, acting as third-party mortgage servicer for Springfield foreclosed the Amaral Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

284.    The Plaintiff Amaral alleges, that on December 10, 2015, Nationstar executed a Foreclosure Deed as servicer for Springfield granting the property to Springfield. The Foreclosure Deed was recorded on March 29, 2016 in the City of Cranston Land Evidence Records in Book 5205 at Page 81. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

285.    The Plaintiff Amaral alleges, that the foreclosure and sale are in breach of paragraph 22 of the Amaral Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies as permitted by "applicable law"…" (Emphasis

68

Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Amaral Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

286.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Springfield failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Amaral Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

287.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Amaral Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

288.    The Amaral Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 71 of 80 PageID #: 84

## CLASS ALLEGATIONS

289.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

290.    Plaintiffs bring this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23.

291.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales between July 1, 2015 through September 29, 2017, in violation of R.I.G.L. § 19-14.11.  Said statute and mortgage contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.

292.    Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

293.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

294.    Defendants conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

295.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal servicing fees, loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

296.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

297.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

298.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1 and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

299.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Nationstar was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

300.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

301.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

302.    The Representative Plaintiffs and all members of the class have been subject to and affected by the <u>same conduct</u>.

303.    The <u>questions of law and fact are common to the class</u> and <u>predominate over any questions affecting only individual members of the class</u>. (i.e. Commonality).

304.    The claims of the Representative Plaintiffs are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

305.    The Representative Plaintiffs will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

306.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

307.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

308.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

309.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

1:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 74 of 80 PageID #: 87

310.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

311.    It is desirable to concentrate the litigation of the claims in this particular forum.

312.    There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
**BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE (SERVICING LICENSE ALLEGATIONS)**

313.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

314.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

315.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

316.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law"" at paragraph 22 of their respective mortgages.

317.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

318.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2:22-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 75 of 80 PageID #: 88

and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

319.    As noted above, the Representative Plaintiffs' Mortgages states at Paragraph 22 as follows:

22.  Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

320.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

321.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

322.    The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the

time of the foreclosure publications, the time of the auctions, the time of the execution of the

foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L.

34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Nationstar was not

a licensed third-party servicer on behalf of Bank of New York, Wells Fargo, Wilmington or

Springfield in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Nationstar's

initiation of the above actions without "first obtaining a license" were violations of the condition

precedent that it must first obtain a license in accordance with the applicable law provisions of

said mortgages, as such actions were classified as misdemeanor crimes and not permitted by

applicable law.

323.    Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. §

19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26,

and are void, invalid, and without force and effect, for Defendants' failure to comply with

applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 77 of 80 PageID #: 90

324.   The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." and or invoke the "STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u> (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

325.   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Bank of New York, Wells Fargo, Wilmington or Springfield failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

326.   As such, the notices, publications, foreclosures and sales are in breach of the terms of paragraph 22 of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2-CV-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 78 of 80 PageID #: 91

327.    The mortgage contract entered into by the Plaintiffs constitutes valid offers.

328.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

329.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers.  Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

330.    The mortgage contracts were supported by consideration.  The Plaintiffs' payments to Defendants constitutes consideration.

331.    The Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

332.    Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

333.    There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

334.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

335.    As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan accounts

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

were charged fees and costs and expenses for illegal servicing fees that were not permitted by applicable law including but not limited too certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

336.    The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

337.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

338.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

339.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

340.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

Case Number: PC-2022-00032
Filed in Providence/Bristol County Superior Court
Submitted: 1/3/2022 11:39 AM
Envelope: 3430582
Reviewer: Victoria H

2:22-cv-00060-MSM-PAS    Document 1-2    Filed 02/04/22    Page 80 of 80 PageID #: 93

341.    The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law, including but not limited to use and occupancy and ownership value of their properties, loss of rent, moving costs, loss of personal property and payment of rent and expenses to live elsewhere.  See. <u>Andrade</u> <u>v. Ocwen Loan Servicing, LLC,</u> C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

342.    The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

343.    The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

344.    The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

345.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: January 3, 2022

Respectfully Submitted,
The Representative Plaintiffs,
By their Attorney,
<u>/s/ *Todd S. Dion*</u>
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 24
Cranston, RI 02910
401-965-4131 Phone
toddsdion@msn.com